**Ernie H. WOLDER, dba Wolder Salvage Co., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 85–2579.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 1986.

Decided Jan. 14, 1987.

Michael Atkins, Los Angeles, Cal., for plaintiff-appellant.

Philip A. Berns, U.S. Dept. of Justice, San Francisco, Cal., for defendant-appellee.

Before NELSON, REINHARDT and WIGGINS, Circuit Judges.

PER CURIAM:

Appellant, Ernie H. Wolder, dba Wolder Salvage Co. ("Wolder"), owned the M/V SLIDRE, a vessel grounded since May 21, 1976, on a coral reef extending from Gab Gab Beach in the vicinity of Apra Harbor,

---

Guam. After nearly four years of unsuccessful attempts by Wolder to remove the vessel, the Army Corps of Engineers ("Corps") determined, under 33 U.S.C. § 414, that the M/V SLIDRE was a potential hazard to navigation in Apra Harbor. After giving notice to Wolder, the Corps enlisted the assistance of the United States Navy to remove the M/V SLIDRE from the reef and sink it as a fish habitat. Accordingly, the United States Navy removed the M/V SLIDRE in August, 1980, and sank it at open sea.

After his claim with the United States Army Claims Service was denied in February, 1982, Wolder brought suit in United States District Court, Central District of California. The case was subsequently transferred to the District of Hawaii. The district court entered judgment on behalf of the United States on July 23, 1985. We affirm.

## DISCUSSION

Wolder argues, on appeal, that the district court incorrectly determined that 1) 33 U.S.C. § 414 authorizes the removal of vessels which do not actually obstruct, but which are potential hazards to, navigation; 2) the Corps was authorized to take its action and exercised due process in connection therewith; and 3) no agreement existed between Wolder and the United States Navy to remove the M/V SLIDRE and return it to him. The United States argues that, although the district court held in its favor on the facts of the case, the action by the Corps involved exercises of discretion which deprive the court of subject matter jurisdiction to hear Wolder's claims.

We need not reach Wolder's arguments, however, because the district court determined that Wolder "did not suffer any damages as a result of the Government's removing the vessel." *Wolder v. United States,* 613 F.Supp. 1139, 1149 (D.C.Hawaii 1985). While Wolder asks that we reverse the district court's findings and award him damages, he offers no argument as to why the district court's determination was incorrect. Therefore, we accept the district court's finding and do not reach Wolder's arguments.

While ordinarily we must determine the jurisdictional question first, we need not do so where the jurisdictional question is complex and the appeal is clearly without merit. *See Norton v. Matthews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976); *Secretary of Navy v. Avrech,* 418 U.S. 676, 677–78, 94 S.Ct. 3039, 3039–40, 41 L.Ed.2d 1033 (1974); *Lehner v. United States,* 685 F.2d 1187, 1189–90 (9th Cir. 1983). Such is the case here.

AFFIRMED.