942 F.2d 792
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Mcilvain OSTHEIMER, Mary Bacon Ostheimer,
Plaintiffs-Appellants,
v.
FIRST BANK SYSTEM, First Bank Western Montana, et al.,
Defendants-Appellees.
 No. 90-35608.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1991.*
Decided Aug. 29, 1991.
 
 Before BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Mcilvain Ostheimer and Mary Bacon Ostheimer appeal pro se the district court's order dismissing their action against First Bank System, First Bank Western Montana, et al. (the "Bank"), for lack of diversity jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court properly found that diversity of citizenship is lacking in this action. The Ostheimers and all of the individual named defendants are Montana residents. Therefore, the requirement of complete diversity of parties has not been satisfied. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978).
 
 
 4
 The Ostheimers, however, also alleged federal question jurisdiction in their complaint. The district court's order did not determine whether the Ostheimers could properly assert federal question jurisdiction. Rather than decide whether the district court had jurisdiction on one of the grounds asserted by the Ostheimers, we forego the jurisdictional issue and decide this case on the merits. See Norton v. Mathews, 427 U.S. 524, 532 (1976); Wolder v. United States, 807 F.2d 1506, 1507 (9th Cir.1987) (although we ordinarily decide the jurisdictional issue first, we may forego the resolution of such issues if the appeal is wholly without merit and the jurisdictional issue is complex).
 
 
 5
 In response to a notice of levy, the Bank surrendered the entire balance of Anthony Ostheimer's Individual Retirement Account to the Internal Revenue Service ("IRS"). The Ostheimers brought this action against the Bank for honoring the IRS's levy.
 
 
 6
 The Bank and its agents were required to honor the IRS's levy in order to avoid liability imposed directly on them, including the principal amount due, costs, interest and penalties. See 26 U.S.C. § 6332(c); accord Commonwealth of Ky., United Pac. Ins. Co. v. Laurel County, 805 F.2d 628, 635 (6th Cir.1986). Section 6332(d) provides that a person honoring a federal tax levy by surrendering the property subject to the levy is discharged from any obligation or liability to the delinquent taxpayer. See 26 U.S.C. § 6332(d); see also, Commonwealth of Ky., 805 F.2d at 635. Therefore, the Ostheimer's contention that the Bank is liable to them for honoring the levy is without merit. See 26 U.S.C. § 6332(d).[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We may affirm on any ground adequately supported by the record. See Smith v. Block, 784 F.2d 993, 994 n. 4 (9th Cir.1987)