962 F.2d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abraham T. YANG, Plaintiff-Appellant,
v.
Daniel J. MCCARTHY; Wayne Estelle; James R. Chamber; Rock
Well; Doctor of Clinics CMC Hospital, Defendants-Appellees.
 No. 87-5542.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 7, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Abraham T. Yang appeals pro se the district court's denial of his motion to vacate its judgment in his civil rights action. Yang also seeks to appeal the underlying judgment dismissing his action pursuant to Fed.R.Civ.P. 12(b)(6). In his action, Yang alleged that he was denied adequate medical treatment by prison medical staff in violation of the eighth amendment. We vacate and remand on the issue of whether we have jurisdiction to hear the appeal of the underlying judgment.
 
 
 3
 The district court entered judgment in Yang's action on April 3, 1986. Yang contends that he filed a timely motion to vacate the judgment on April 9, 1986, and an amendment to that motion on May 5, 1986. These documents were never filed by the district court, although the amendment is "lodged" May 9, 1986. The record reflects that Yang then filed a "motion for summary judgment" on June 19, 1986, and a "motion to enter default" on October 23, 1986. On December 5, 1986, Yang filed a "motion for judgment for grant reliefs," which the district court denied on December 10, 1986. On December 17, 1986, Yang filed a motion to "resubmit the motion to vacate judgment and amendment to motion to vacate judgment." The district court denied this motion on December 23, 1986, and Yang filed his notice of appeal on January 12, 1987.
 
 
 4
 Appellees contend that the notice of appeal was not timely as to the underlying judgment. A motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59, filed and served within ten days of the entry of judgment, tolls the time for appealing the underlying judgment. Fed.R.Civ.P. 59(e); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989). We cannot determine from the record why Yang's motion to vacate the judgment was never filed by the district court. If Yang posted the motion through the prison log system, then the motion would be deemed filed at the moment the prisoner delivered the motion to prison authorities for forwarding to the district court. See Miller v. Sumner, 921 F.2d 202, 203 (9th Cir.1990); Hostler v. Groves, 912 F.2d 1158, 1160 (9th Cir.1990). Because the motion would have been a timely Rule 59(e) motion, we vacate and remand to the district court for a hearing on the issue of whether the motion was timely delivered to prison officials and posted in the prison log.
 
 
 5
 If the jurisdictional question is complex and the merits are clear, we may decide the merits without reaching the jurisdictional issue. Forster v. County of Santa Barbara, 896 F.2d 1146, 1147 n. 2 (9th Cir.1990). Here, however, the merits are not clear. Yang alleged that he suffered from "Stomach Ulcer, Stomach Cancer, Liver Chronic Inflammation, Kidney Inflammation, Heart disease, and Briquet's Syndrome." He alleged that he was not seen by a doctor for a year for these problems, although diagnostic tests confirmed his illnesses. These claims are sufficient to state a claim for deliberate indifference to serious medical needs in violation of the eighth amendment. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Accordingly, we do not reach the merits, but remand for a determination on the threshold issue of our jurisdiction to hear the appeal from the underlying judgment.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3