972 F.2d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dorman Dean COLEMAN, Plaintiff-Appellant,
v.
Paul V. LEONARDI, Pima Co. Sheriff's Detective; K.
Slawinski, Pima Co. Sheriff's Detective; Robert Mayer, Pima
Co. Sheriff's Sergeant; Lois Engstrand, Deputy United
States Marshal; Kenneth L. Poppino, Arizona Department of
Public Safety Detective, et al., Defendants-Appellees.
 No. 91-16674.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1992.*
Decided Aug. 17, 1992.
 
 Before BRUNETTI, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dorman Dean Coleman appeals pro se the district court's summary judgment in favor of the defendant law enforcement officers in Coleman's action pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Federal Bur. of Narcotics, 403 U.S. 388 (1971), claiming that the officers relied on false information when they searched the condominium where he was staying and arrested him. Coleman contends that the district court erred by granting summary judgment after denying his motion to compel discovery. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We will affirm summary judgment if, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Banks v. Bethlehem Steel Corp., 870 F.2d 1438, 1441 (9th Cir.1989). Before entering summary judgment against a pro se prisoner, the district court must provide the prisoner with notice that he is required to submit responsive evidence to meet a summary judgment motion. Klingele v. Eikenberry, 849 F.2d 409, 411 (9th Cir.1988).
 
 
 4
 A district court may refuse to grant summary judgment if the opposing party needs time to discover central facts. Fed.R.Civ.P. 56(f); Mackey v. Pioneer National Bank, 867 F.2d 520, 523 (9th Cir.1989). The opposing party must submit affidavits setting forth particular facts expected from discovery. Mackey, 867 F.2d at 523-24; Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir.1986).
 
 
 5
 Section 1983 requires a plaintiff to prove that a person acting under color of state law committed an act that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States. 42 U.S.C. § 1983; White v. Roper, 901 F.2d 1501, 1503 (9th Cir.1990); see Forster v. County of Santa Barbara, 896 F.2d 1146, 1148 (9th Cir.1990) (deliberately false statements in warrant affidavit violate fourth amendment).
 
 
 6
 Coleman contends that there were genuine issues of material fact as to whether the defendants made or were aware of false statements in the search warrant affidavit and whether one of the defendants made false statements to persuade federal authorities to authorize his arrest. This contention is meritless.
 
 
 7
 Coleman's complaint alleged that Pima County Sheriff's Detectives Paul Leonardi and K. Slawinski, Pima County Sheriff's Sergeant Robert Mayer, and Deputy United States Marshal Lois Engstrand "conspired and agreed to falsify and fabricate" the warrant affidavit, which falsely stated that an anonymous caller had told them fugitive Peter Castro was at the condominium, and a load of narcotics had come in the previous night. The complaint also alleged that Engstrand falsely stated to federal authorities that she had found Coleman, who had been released pending sentencing on a conviction for possession of marijuana, in possession of a bag of cocaine.
 
 
 8
 The defendants filed copies of the warrant, the warrant affidavit, and Engstrand and Slawinski's reports of the search. Slawinski's report stated that during the search the defendants found a baggie of marijuana and a ceramic box containing white powder. The defendants also filed a transcript of Coleman's post-arrest statement to Pima County Sheriff's Deputy Velasco in which Coleman admitted that Castro had been at the condominium and that he had used Castro's cocaine the night before. Engstrand filed a declaration stating that she received the anonymous call, drugs were found during the search, and she told Coleman's pretrial services officer about the drugs. Finally, Mayer, Slawinski, Leonardi, and Velasco filed affidavits.
 
 
 9
 In its order of June 3, 1991, the district court fulfilled the requirements of Klingele by warning Coleman that it might treat the defendants' motions to dismiss as summary judgment motions, and that he "must provide the Court with support for any factual assertions contained in his original opposition, in the form of affidavits or other relevant documents showing that there is a genuine issue for trial." See Klingele, 849 F.2d at 411. Nevertheless, Coleman filed a list of exhibits he expected to present at trial, but did not file any evidence beyond his own statement that the search and arrest were based on false statements by the defendants. Accordingly, the district court did not err by granting summary judgment. See Kruso, 872 F.2d at 1421; Banks, 870 F.2d at 1441.
 
 
 10
 In opposition to the defendants' motions to stay discovery, Coleman stated that his discovery requests were not burdensome and that "[t]he discovery requested of all of the objecting defendants consists of nothing more nor less than their official police reports about the events underlying this lawsuit." He also stated that discovery "will establish the precise roles and degrees of knowledge and complicity in the falsification of the search warrant application and in the execution of the search and subsequent arrest." The district court did not err by finding that these statements were insufficient to establish that the requested discovery would reveal central facts. See Mackey, 867 F.2d at 523-24.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3