Roberta LEE, Guardian Ad Litem; Avril King; Brenda Walls, Plaintiffs–Appellees,

v.

The CITY OF BEAUMONT, Defendant–Appellant.

No. 92–55730.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1993.

Decided Dec. 29, 1993.

Thomas M. Reeves and Robert J. Jagiello, Law Offices of Mayer & Reeves, Long Beach, CA, for defendant-appellant.

Christopher J. Morey, Costa Mesa, CA, for plaintiffs-appellees.

Before: REINHARDT, T.G. NELSON, Circuit Judges, and KAUFMAN,* District Judge.

T.G. NELSON, Circuit Judge:

## I.

## OVERVIEW

The City of Beaumont (Beaumont) appeals the district court's discretionary remand of pendent state claims. Beaumont asserts the district court had a mandatory duty to rule on the sufficiency of service of process before remanding the pendent state claims. We have no jurisdiction to review the remand order pursuant to Beaumont's appeal and decline to treat the appeal as a petition for writ of mandamus because the district court had discretion to remand all issues with regard to pendent state claims.

## II.

## FACTS AND PROCEDURAL HISTORY

This action arose out of the execution of a search warrant by Beaumont police officers,

* Honorable Frank A. Kaufman, Senior United States District Judge for the District of Maryland, sitting by designation.

John Funston, Allen Whitson, and John Acosta. During the search, plaintiff Daniel Lee's father was killed and plaintiffs, Avril King and Brenda Walls, were allegedly wrongfully incarcerated. The plaintiffs filed this action based on state law tort claims and federal claims pursuant to 42 U.S.C. § 1983 in California state court against Beaumont and the police officers.

On April 26, 1991, the plaintiffs served process on Beaumont under Cal.Code of Civ. Proc. § 415.20(a) by delivering copies of the summons and complaint to the office of Robert Bounds (Bounds), the Beaumont City Clerk, leaving the copies with his secretary, and by mailing copies to Bounds on the same day. The plaintiffs also attempted to serve process on Officer Acosta by leaving copies of the summons and complaint at his place of employment, the City of Beaumont Police Department.

The defendants properly removed the case to federal district court under 28 U.S.C. § 1441 based on the court's original jurisdiction over the § 1983 claims and its pendent jurisdiction over the state law claims. After removal, the defendants filed a motion for summary judgment arguing the district court lacked personal jurisdiction over them because service of process was improper. The parties stipulated to the dismissal of Officer Funston. The district court dismissed Officer Whitson because he never received service and Officer Acosta because he never authorized any person or entity to accept service on his behalf nor was substitute service perfected by mail. The district court also dismissed the federal claims under 42 U.S.C. § 1983 finding there was no triable issue of material fact. Finally, the district court remanded the pendent state claims to state court. The district court did not specifically address the issue of whether service of process on Beaumont was proper before remanding the pendent state claims.

Beaumont appeals the district court's remand order. It contends Fed.R.Civ.P. 4(j)

and 81(c) required the district court to rule on the sufficiency of service of process upon it and that such a ruling was mandatory before the district court could exercise its discretion to remand the pendent state claims.

### III.

## APPEALABILITY OF THE REMAND ORDER

We must first address the issue of whether the remand order is reviewable. "If [the district court remands a case] on the ground that removal was improvident and without jurisdiction, 28 U.S.C. § 1447(c) (1982), the remand order 'is not reviewable on appeal or otherwise.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1539 (9th Cir. 1992) (citing *Survival Sys. Div. of Whittaker Corp. v. United States*, 825 F.2d 1416, 1418 (9th Cir.1987), *cert. denied*, 484 U.S. 1042, 108 S.Ct. 774, 98 L.Ed.2d 861 (1988)). Conversely, we may review a remand order based on grounds other than improper removal under 28 U.S.C. § 1447(c).[1] This court has held "a district court's order remanding pendent state claims on discretionary grounds was not pursuant to § 1447(c)." *Price v. PSA, Inc.*, 829 F.2d 871, 874 (9th Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1732, 100 L.Ed.2d 196 (1988); *see also Schmitt v. Insurance Co. of N. Am.*, 845 F.2d 1546 (9th Cir.1988). Thus, we hold that the district court's discretionary remand of pendent state claims is a reviewable order.

Even though the order is reviewable, we may review the order only pursuant to the proper type of review. "[T]he type of review available depends on the nature of the decisions made in the remand order." *Sever,* 978 F.2d at 1539. As a general rule, we may review remand orders only pursuant to a petition for writ of mandamus. *Survival Sys.*, 825 F.2d at 1418. An exception to this rule occurs where the district court bases the remand order on a substantive decision. We

---

1. 28 U.S.C. § 1447(c) was amended effective November 19, 1988, to provide for remand not when removal had been "improvident and without jurisdiction" but rather when it appeared that the district court was without subject matter jurisdiction. The new version was in effect at the time of the district court's remand order, but the amendment does not represent a substantive change for the purposes of this discussion.

have held "where a remand order is based on a substantive determination on the merits apart from any jurisdictional decision, the order is reviewable on appeal as a final collateral order." *Whitman v. Raley's Inc.*, 886 F.2d 1177, 1180 (9th Cir.1989). However, the general rule still applies to remand orders based on jurisdictional decisions, and we may review such orders only pursuant to a petition for writ of mandamus.

■ As indicated, Beaumont filed an appeal requesting review of the remand order. Beaumont asserts the district court's discretionary remand order of pendent state claims is an order based on a substantive decision, and as a result, its appeal was the proper procedure by which to obtain review of the order. Beaumont's rationale is that the district court necessarily made a substantive decision when it determined there was no basis for the federal claims and dismissed them. It contends this substantive decision is relevant in determining the nature of the decision underlying the remand order. Beaumont's contention is incorrect. When a district court exercises its discretion not to hear pendent state claims the decision is a jurisdictional decision. *See Sever*, 978 F.2d at 1539. As noted earlier, when the remand order is premised on a jurisdictional decision, we may only review the order pursuant to a petition for writ of mandamus. Thus, we are precluded from reviewing the district court's order by way of appeal.

## IV.

### TREATING THE APPEAL AS A PETITION FOR WRIT OF MANDAMUS

■ As an alternative to reviewing the remand order pursuant to its appeal, Beaumont requests we construe its appeal as a petition for writ of mandamus. We have the discretion to treat an appeal as a petition for writ of mandamus when appropriate. *See National Org. for the Reform of Marijuana Laws v. Mullen*, 828 F.2d 536, 541 (9th Cir. 1987) (treating appeal as a petition for writ of mandamus and denying the petition); *Hartland v. Alaska Airlines*, 544 F.2d 992, 1001 (9th Cir.1976) (treating appeal as a petition

for writ of mandamus and granting the petition). However, mandamus is an "extraordinary remedy" that should be invoked only in "exceptional circumstances." *Will v. United States*, 389 U.S. 90, 95, 88 S.Ct. 269, 273, 19 L.Ed.2d 305 (1967). Because this case clearly fails the test for issuing a writ of mandamus set forth in *Bauman v. United States Dist. Court*, 557 F.2d 650 (9th Cir.1977), we decline to treat the appeal as an application for mandamus.

■ The *Bauman* test establishes five guidelines for determining whether a petition for writ of mandamus, or in this case mandamus jurisdiction, will be granted:

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal. (This guideline is closely related to the first.)

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*National Org. for the Reform of Marijuana Laws*, 828 F.2d at 541. Rarely will all five guidelines be satisfied, *see id.* at 542; thus, proper application of the *Bauman* test requires a balancing of conflicting indicators, *Bauman*, 557 F.2d at 655. We balance the factors established with those factors lacking in order to determine if the appeal should be construed as a petition for review under mandamus jurisdiction.

■ Beaumont fails to meet any of the *Bauman* guidelines. Because Beaumont has an adequate means by which it may attain relief, it fails to fulfill the first guideline. Although, as indicated earlier, Beaumont may not directly appeal the discretionary remand order of pendent state claims, it may raise the issue of service of process in the state court litigation of the remanded pendent state claims. The issue of the sufficiency of service of process prior to removal is

strictly a state law issue, *see Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 682 (9th Cir.1980); *Allen v. Ferguson*, 791 F.2d 611, 616 (7th Cir.1986), and as a matter of comity, it is best addressed in the state courts if the only remaining claims are pendent state law claims which the district court is remanding.

Beaumont fails to fulfill the second guideline because there is no evidence it will be prejudiced or damaged by allowing the state trial court to determine whether service of process was proper. Further, in the event the state court were to incorrectly decide the issue, Beaumont may appeal in the state court system; thus, any potential prejudice or damage is correctable on appeal.

■ The district court's remand order was not clearly erroneous because the district court had discretion to remand pendent state claims. We have often held that it is "within a district court's discretion either to retain jurisdiction to adjudicate the pendent state claims or to remand them to state court." *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir.1991); *see also Price*, 829 F.2d at 876; *Survival Sys.*, 825 F.2d at 1419 (1987). Further, "we recognize, as did the Court in [*Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) ], that it is generally preferable for a district court to remand remaining pendent claims to state court." *Harrell*, 934 F.2d at 205. Although we have previously affirmed a district court's exercise of pendent jurisdiction when all federal claims have been dismissed, *see Schneider v. TRW, Inc.*, 938 F.2d 986, 995 (9th Cir.1991) (holding district court had discretion to decide remaining pendent claims where federal law claims eliminated before trial); *Harrell*, 934 F.2d at 204 (holding district court had discretion to resolve statute of limitations issue where only pendent state claims remained), the district court is clearly in the best position to determine whether exercising pendent jurisdiction

was necessary. *See Schneider*, 938 F.2d at 993–94. There is no showing here that the district court's decision to remand does not "best accommodate the values of economy, convenience, fairness, and comity." *Harrell*, 934 F.2d at 205 (quoting *Carnegie–Mellon Univ.*, 484 U.S. at 351, 108 S.Ct. at 619). Thus, we find the district court's decision to remand the pendent state claims was not in error, and the third guideline is not met.

■ Under the fourth guideline, the district court's order is not an oft-repeated error because in fact there was no error committed by the district court. As already discussed, the district court had discretion to remand the pendent state claims and all remaining issues relating to those claims. Beaumont argues the district court disregarded Fed.R.Civ.P. 4(j) [2] and 81(c) [3] by failing to rule on the service of process issue. However, nothing in the language of these rules requires the district court to rule on the sufficiency of service of process when the only viable claims are remanded pendent state claims. Rule 4(j) does not apply to service of process which was attempted *prior to* removal; the sufficiency of service in this case is determined according to state law because service of process occurred before removal. *See Anderson*, 630 F.2d at 682; *Allen*, 791 F.2d at 616. The language of Rule 81(c) requiring application of the federal rules to procedures *after* removal also supports the proposition that Rule 4(j) is inapplicable in this case.

■ Further, the district court did not err by assuming it had personal jurisdiction over Beaumont in order to reach and dismiss the federal claims asserted against Beaumont. A court may assume the existence of personal jurisdiction and adjudicate the merits in favor of the defendant without making a definitive ruling on jurisdiction. *Ashley v. Boehringer Ingelheim Pharmaceuticals*, 7 F.3d 20, 24 (2d Cir.1993). In previ-

**2.** Fed.R.Civ.P. 4(j) states in relevant part:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prej-

udice upon the court's own initiative with notice to such party or upon motion.

**3.** Fed.R.Civ.P. 81(c) states in relevant part:

These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal.

ous cases, this court has assumed jurisdiction in order to reach the merits of the case and rule in favor of the defendant. *See Clow v. United States Dept. of Hous. and Urban Dev.,* 948 F.2d 614, 616 (9th Cir.1991) (assuming subject matter jurisdiction to resolve merits of case in favor of defendant); *Forster v. County of Santa Barbara,* 896 F.2d 1146, 1147 n. 2 (9th Cir.1990) (ignoring jurisdictional question because of factual dispute, unresolved at district court level, over whether appellant filed timely notice of appeal); *Wolder v. United States,* 807 F.2d 1506, 1507 (9th Cir.1987) ("where the jurisdictional question is complex and the appeal is clearly without merit," court will avoid jurisdictional question and rule on merits); *Lehner v. United States,* 685 F.2d 1187, 1189–90 (9th Cir.1982) (court avoids question of whether jurisdiction exists over claims for money damages because jurisdiction over equitable claims was clear and merits would not be affected), *cert. denied,* 460 U.S. 1039, 103 S.Ct. 1431, 75 L.Ed.2d 790 (1983). Likewise, the Supreme Court has reserved jurisdictional questions when the case could alternatively be resolved on the merits in favor of the party challenging jurisdiction. *See Norton v. Mathews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775, 49 L.Ed.2d 672 (1976); *Secretary of the Navy v. Avrech,* 418 U.S. 676, 677–78, 94 S.Ct. 3039, 3040, 41 L.Ed.2d 1033 (1974). Although the jurisdictional question in this case is not complex or difficult, the district court did not err by dismissing the federal claims and remanding pendent state claims without an express finding of personal jurisdiction.

Finally, Beaumont fails to meet the fifth guideline. As noted earlier, frequently we have held the district court possesses the discretion to decline the exercise of pendent jurisdiction. Beaumont's argument that the district court was mandated by the federal rules to exercise pendent jurisdiction and resolve the issue of service of process does not raise new, important problems or issues of law of first impression.

In *National Org. for the Reform of Marijuana Laws,* 828 F.2d at 542, we noted that where three guidelines of the *Bauman* test were clearly met, the appeal would be treat-

ed as a petition. Conversely, in this case, Beaumont did not meet any of the guidelines. Beaumont does not present an extraordinary case which demands construing the appeal as a petition, and thus, we decline to treat the appeal as a petition for writ of mandamus. Because we decline to treat the appeal as a petition, we lack mandamus jurisdiction required to review the district court's remand order.

## V.

## CONCLUSION

Generally, we will review a district court's discretionary remand order of pendent state claims only upon a petition for writ of mandamus. An appeal will be treated as a petition in extraordinary cases. This case does not present exceptional circumstances for such treatment, and we decline mandamus jurisdiction.

APPEAL DISMISSED.