34 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
A.V. COSTANTINI, Plaintiff-Appellant,
v.
MEDICAL BOARD OF CALIFORNIA, Ken Douglas, Gerald McClellan,
Alfred Stich, Kenneth Wagstaff, Daniel E. Lungren; James P.
Fox, Parker Kelly and San Mateo District Attorney; County,
Jack Posnick, Jonathan Feinberg, and Alfredo Terrazas,
Defendants-Appellees.
 No. 93-16926.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge; HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Antonio V. Costantini appeals pro se the district court's dismissal of his amended complaint under Federal Rule of Civil Procedure 12(b)(6). We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Costantini was the principal officer of Consultants Medical Group, Inc. ("CMG"), which ran a chain of weight loss clinics in the San Francisco area. In 1990 the Medical Board of California (the Board) received information that CMG clinics were dispensing dangerous drugs to patients without appropriate physician oversight and in violation of California law. These allegations led the District Attorney of San Mateo County to file a civil consumer protection action which resulted in a $50,000 default judgment against Costantini.
 
 
 4
 In August 1992, the Board initiated proceedings to revoke Costantini's California medical license. In March 1993, while the administrative proceedings to revoke Costantini's license were still pending, Costantini filed this suit alleging various violations of bankruptcy and civil rights laws.
 
 
 5
 Costantini claims the defendants violated his rights under 11 U.S.C. Sec. 525 and 42 U.S.C. Sec. 1983. The heart of his claim is that the various defendants, unable to collect roughly $50,000 in disputed Medi-Cal reimbursements from CMG, which had become bankrupt, conspired to illegally obtain the money from Costantini himself. In addition to seeking nearly $20,000,000 in damages, Costantini sought to enjoin the Board from revoking his medical license.
 
 
 6
 Defendants Fox, Kelly, and the Office of the District Attorney of San Mateo County ("the San Mateo defendants") moved to dismiss Costantini's complaint under Rule 12(b)(6) on grounds of prosecutorial immunity. The district court granted this motion, giving Costantini leave to amend his complaint. After Costantini amended his complaint, the San Mateo defendants renewed their motion to dismiss. On the same day, defendants Douglas, McClellan, Stich, Lungren, Terrazas, Posnick, Feinberg, and the Board ("the State defendants") filed a motion to dismiss the amended complaint under Rule 12(b)(6) or, in the alternative, for summary judgment under Rule 56. The district court scheduled a hearing on the defendants' motions on September 10, 1993. Costantini did not attend. At the hearing, the judge granted the defendants' Rule 12(b)(6) motions to dismiss without leave to amend.
 
 
 7
 Costantini timely appeals the district court's dismissal, and we take jurisdiction under 28 U.S.C. Sec. 1291.
 
 II.
 STANDARD OF REVIEW
 
 8
 We review de novo a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.) (en banc), cert. denied, 113 S.Ct. 655, and cert. denied, 113 S.Ct. 656 (1992). We note that the district court, in dismissing Costantini's complaint, took judicial notice of the Board's administrative proceedings against Costantini. Yet, "on a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir.1986).
 
 III.
 DISCUSSION
 A. Bankruptcy Claims
 
 9
 Costantini first claims that defendants violated 11 U.S.C. Sec. 525(a), which protects present and former bankrupts and their associates against governmental discrimination, such as the revocation of an employment license. We reject this argument. By its own terms, section 525 protects only against discrimination "solely because" the person is bankrupt or has been bankrupt. 11 U.S.C. Sec. 525(a). It was not raised by Costantini in the revocation proceedings and nothing in the administrative proceedings suggests that defendants instituted their license revocation proceedings against Costantini on account of CMG's bankruptcy.
 
 B. Section 1983 Claims for Damages
 
 10
 We agree with the district court that Costantini cannot state a claim against the San Mateo defendants because they enjoy absolute prosecutorial immunity for their official activities. See Imbler v. Pachtman, 424 U.S. 409 (1976); see also Ashelman v. Pope, 793 F.2d 1072, 1074-78 (9th Cir.1986) (en banc). State defendants Lungren and Terrazas, as prosecutors for the California Attorney General's Office who were active in initiating the Board's license revocation proceedings, also enjoy absolute immunity. Likewise, Stich and Wagstaff, who are sued as executive officers of the Board for initiating license revocation proceedings against Costantini, are absolutely immune. Butz v. Economou, 438 U.S. 478, 515 (1978).
 
 
 11
 Plaintiff's claim against the Medical Board of California fails under the Eleventh Amendment because the Board is an agency of the State of California. See Forster v. County of Santa Barbara, 896 F.2d 1146, 1149 (9th Cir.1990) (per curiam).
 
 
 12
 Costantini's claim that Douglas and McClellan searched his pharmaceutical and patient records without a warrant falls within the administrative search exception to the Fourth Amendment. "[A] statute authorizing warrantless searches which applies only to a single pervasively regulated industry, where urgent governmental interests are furthered by such regulatory inspections, does not violate the Fourth Amendment." Rush v. Obledo, 756 F.2d 713, 719 (9th Cir.1985). This court has already held that the valid public interest in the inspection of drug dispensing records justifies administrative inspection of pharmacies whether or not the search was conducted upon probable cause of criminal activity. See United States v. Goldfine, 538 F.2d 815, 819 (9th Cir.1976) (upholding federal inspection pursuant to administrative warrant).
 
 
 13
 Under California law, all records of manufacture and of sale, purchase or disposition of dangerous drugs must be maintained and open for inspection by authorized officers of the law during regular business hours. Cal.Bus. & Prof.Code Sec. 4232. As investigators for the Board, Douglas and McClellan were authorized to inspect records pertaining to plaintiff's dispensation of dangerous drugs. Cal.Bus. & Prof.Code Secs. 159.5, 160, 4049.5.[1]
 
 C. Section 1983 Injunctive Relief Claims
 
 14
 Plaintiff first seeks to enjoin defendants from recovering "the $50,000 debt set aside by the Bankruptcy Act of the United States." If plaintiff is indeed referring to a debt of CMG, as he apparently wishes this court to believe, he need not worry. Our law does not allow collection of a debt from someone who did not incur it and was not responsible for it. However, plaintiff really seeks this court's assistance in voiding the $50,000 judgment obtained against him in the San Mateo suit, and here we must be less obliging. Basic res judicata principles dictate that Costantini cannot use this lawsuit to attack a judgment obtained against him in another lawsuit. See Kremer v. Chemical Constr. Corp., 456 U.S. 461 (1982); Allen v. McCurry, 449 U.S. 90 (1980).
 
 
 15
 Secondly, plaintiff seeks to enjoin the defendants from revoking his medical license. Plaintiff's claim is now moot. We take judicial notice of the fact that Costantini's license was revoked effective October 3, 1993, pursuant to the Board's adoption on September 3, 1993 of the order of the administrative law judge in Costantini's revocation proceedings. See Aiona v. Judiciary of Hawaii, 17 F.3d 1244, 1248 n. 6 (9th Cir.1994).
 
 D. Due Process Claims
 
 16
 As plaintiff knew of both the San Mateo and Board proceedings against him, he has stated no due process claim. Correa v. Nampa Sch. Dist. No. 131, 645 F.2d 814, 816-17 (9th Cir.1981).
 
 E. State Law Libel Claim
 
 17
 Plaintiff finally makes a pendent state law claim for libel against defendants Posnick and Feinberg for letters they wrote to the Board in response to its investigation of plaintiff. Plaintiff's claim is barred under California Business and Professions Code Sec. 2318. The district court properly dismissed this claim.
 
 
 18
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his amended complaint, plaintiff alleged that Douglas and McClellan looked at numerous patient medical records and photographed the names of many patients during their December 20, 1990 search of CMG's offices. Even if this allegation is true, this Court has already ruled that patient files are subject to the record-keeping requirements of section 4232, see In re Grand Jury Proceedings, 801 F.2d 1164, 1168 (9th Cir.1986) (affirming contempt order for failure to comply with grand jury subpoena), and therefore subject to administrative search. Further, "a person possesses no reasonable expectation that his medical history will remain completely confidential." Id. at 1169