512 P.2d 611

Thomas I. CLARK, Appellant,

v.

KENNECOTT COPPER CORPORATION, a New York corporation, and Ramon C. Cruz, Appellees.

No. I CA–CIV. 2033.

Court of Appeals of Arizona, Division 1, Department B.

July 24, 1973.

Rehearing Denied Sept. 5, 1973.

Review Denied Oct. 16, 1973.

Matz & Jurkowitz by J. Wayne Jurkowitz, Phoenix, for appellant.

Fennemore, Craig, von Ammon & Udall by Philip A. Edlund, Phoenix, for appellees.

JACOBSON, Chief Judge, Division 1.

This appeal raises the same legal issue decided this date in Henshaw v. Mays, Ariz.App., 512 P.2d 604, that is, whether a workman injured in the course of his employment and who receives compensation under the Workmen's Compensation Act, may, after one year, having obtained an assignment from the compensation carrier of all its rights, maintain an action against the alleged third party tortfeasor.

On March 25, 1969, plaintiff-appellant, Thomas I. Clark, while in the employ of Cecil Trucking Company, was injured as a result of the alleged negligence of an employee of defendant-appellee, Kennecott Copper Corporation. The plaintiff applied for and obtained workmen's compensation benefits from the State Compensation Fund and subsequently received an assignment from the Fund of all the rights it held under A.R.S. § 23–1023.

Approximately one year and six months following the accident, the plaintiff brought an action in tort against the de-

fendants. The trial court granted defendants' motion for summary judgment on the basis that A.R.S. § 23–1023, subsec. B barred plaintiff's cause of action where it was instituted more than one year after the cause of action accrued.

For the reasons stated in Henshaw v. Mays, *supra*, the judgment of the trial court is reversed and the matter remanded for further proceedings.

EUBANK, P. J., and HAIRE, J., concur.