512 P.2d 612

**Lester Edward SARGENT and Jean Sargent, Appellant,**

v.

**HALLCRAFT HOMES, INC., an Arizona corporation, and Cecil F. Perkins Co., Inc., an Arizona corporation, jointly and severally, Appellees,**

**State Compensation Fund, a public body, Intervenor.**

**No. I CA–CIV. 2070.**

Court of Appeals of Arizona,
Division 1, Department B.

July 24, 1973.

Rehearing Denied Sept. 5, 1973.

Reviews Denied Oct. 16, 1973.

Kaplan & Brazlin by Paul Tutnick, Phoenix, for appellant.

Browder & Gillenwater by Robert W. Browder, Phoenix, for appellee Cecil F. Perkins Co., Inc.

Jennings, Strouss & Salmon by Jon L. Kyl and Gary L. Stuart, Phoenix, for appellee Hallcraft Homes, Inc.

Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for intervenor.

JACOBSON, Chief Judge, Division 1.

This appeal raises the same legal issue decided this date in Henshaw v. Mays, Ariz.App., 512 P.2d 604, that is, whether a workman who is injured in the course of his employment and who receives compensation under the Workmen's Compensation Act, may, after one year, having obtained an assignment from the compensation carrier of all its rights maintain an action against the alleged third party tortfeasor.

On March 25, 1970, plaintiff-appellant, Lester Edward Sargent, while in the employ of Sanner Contracting Company, was injured as the result of the alleged negligence of the defendant-appellees, Hallcraft Homes, Inc., and Cecil F. Perkins Co., Inc. The plaintiff applied for and obtained workmen's compensation benefits from the State Compensation Fund and subsequently received an assignment from the Fund of all the rights it held under A.R.S. § 23–1023.

Approximately 13 months following the accident, the plaintiff brought an action in tort against the defendants. The trial court granted defendant's motion for summary judgment on the basis that A.R.S. § 23–1023, subsec. B barred plaintiff's cause of action where it was instituted more than one year after the cause of action accrued.

For the reasons stated in Henshaw v. Mays, *supra,* the judgment of the trial court is reversed and the matter remanded for further proceedings.

EUBANK, P. J., and HAIRE, J., concur.