567 P.2d 1218

**James J. RILEY and Mary Jo Riley, husband and wife, Petitioners,**

**v.**

**The SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF PIMA, and J. Richard Hannah, Judge thereof, Andrea MARTINEZ and Lydia Martinez, Real Parties in Interest, Respondents.**

**No. 2 CA–CIV 2576.**

Court of Appeals of Arizona, Division 2.

May 20, 1977.

Rehearing Denied June 15, 1977.

Review Denied July 12, 1977.

Slutes, Browning, Zlaket & Sakrison, P. C., by William D. Browning, Tucson, for petitioners.

Jack A. Ettinger, P. C., by Louis L. Deckter, Tucson, for real parties in interest.

OPINION

HOWARD, Chief Judge.

This special action seeks review of an order of the respondent court denying petitioner's motion to dismiss under Rule 6(f), Rules of Civil Procedure. The motion was based upon the fact that petitioners had not been served with process for more than one year after the complaint was filed by the real parties in interest. Since review by

special action is appropriate in such instances, *Grobe v. McBryde*, 105 Ariz. 577, 468 P.2d 936 (1970), we assume jurisdiction.

The real parties in interest (hereinafter referred to as plaintiffs) filed a complaint on March 12, 1975, against petitioners (hereinafter referred to as defendants) seeking damages for personal injuries allegedly arising out of a car accident which occurred on or about September 18, 1973.[1] On August 19, 1976, the defendants filed a motion to dismiss the complaint on the grounds that service of process was not made on them until August 12, 1976. Their position was that under Rule 6(f), Rules of Civil Procedure, providing that an action ". . . shall abate if the summons is not issued and served . . . within one year from the filing of the complaint", dismissal was required.

In opposition to this motion, the plaintiffs argued that the court should exercise its discretion to extend the time for service since they had good cause for failure to serve within the one-year period. Their showing of "good cause" consisted of the following. Their attorney had been negotiating with the adjuster for the defendants' insurance carriers for several months before the lawsuit was filed and subsequent thereto. The attorney stated:

"He was advised that suit had been filed, and he was made aware that his insureds, the Rileys, had left the country and were residing somewhere in Taiwan. We discussed the case several times after the lawsuit was filed, and I may perhaps have even asked him for suggestions on how to get the Rileys served. He requested on a couple of occasions that we send him a copy of the Summons and Complaint which we did on or about March 3, 1976."

Appended to the opposition to the motion to dismiss, was an affidavit of the process server which recited in pertinent part that on March 12, 1975 he received several copies

of the summons and complaint but could not locate the defendants, and "after diligent efforts, it was determined that they were residing in Taiwan." The copies of the summons and complaint were returned to plaintiffs' counsel with a notation concerning the inability to serve and the reason. In June, 1976, according to the process server, plaintiffs' attorney returned the summons and complaint for service, indicating that he had received information that the defendants had returned to the United States and that he had an address for them. Service of process was attempted, but the address and information given the process server concerned other Rileys, not the defendants, and the process server accordingly notified plaintiffs' counsel. In the middle of July, 1976, the process server was again informed by the attorney that the defendants were in the United States and would be in Tucson for about two days before departing for Taiwan, about August 11th or 12th, 1976. Service was effected upon the defendants at the home of Mr. Riley's parents in Tucson, Arizona.

Plaintiffs' attorney also stated that the defendants had been absent from the country for same unknown time prior to the filing of the lawsuit and that he had made efforts on several occasions to locate them within the state so that they could be served. In June, 1976, he had received information leading him to believe that the defendants had returned and he had a new address for them. Service of process was attempted, without success and weeks later, after spending several hours "investigating and researching various leads", counsel learned that the Rileys were in the United States attending some sort of conference in Washington, D.C. and would stop in Tucson for a couple of days about August 12, 1976, enroute to Taiwan. The defendants responded to the opposition to the motion to dismiss and their affidavit was subsequently filed in court. The affidavit recited that they then resided in Taiwan but were domi-

---

1. The complaint also alleged a claim for relief against two other defendants for personal injuries arising out of another motor vehicle accident which occurred on or about April 13,

1973. Service of the summons and complaint upon these defendants was effected on March 18, 1975.

ciliaries of Arizona and considered Arizona their legal residence. Further, that they owned their home in Tucson, Arizona and had owned it since September 19, 1973; that they continually received mail from Arizona which was forwarded from their home address directly to them in Taiwan; that since September, 1973, they had maintained bank accounts for all of their banking needs with the Union Bank in Tucson, Arizona; and that they were physically present in Tucson in July and August, 1975, and in July and August, 1976.

We agree with the defendants that the respondent court abused its discretion in denying their motion to dismiss. Before a plaintiff may be allowed an extension of time within which to serve a defendant, he must demonstrate that he exercised due diligence in trying to serve defendant within the year-period prescribed by Rule 6(f). *Murphey v. Valenzuela*, 95 Ariz. 30, 386 P.2d 78 (1963); *Grobe v. McBryde*, supra.

We do not believe that the plaintiffs made the requisite showing of "due diligence". The record reflects that they knew the defendants were in Taiwan. According to them, they "diligently sought information which would have enabled them to serve defendants in China." They admitted that they had obtained a business address for the defendant-husband in China but that "the home address in China was impossible to obtain." What efforts were made to ascertain the defendants' home address in Taiwan? The record is devoid of any showing in this regard. Plaintiffs never used postal procedures which would have ascertained the forwarding address nor was any attempt made to ascertain the defendants' Taiwan home address by contacting the business address which plaintiffs admittedly knew. The defendants' affidavit · demonstrates that there were ties with the Tucson community which could have been explored in an attempt to ascertain their whereabouts in Taiwan. Plaintiffs contend that even if they had ascertained the defendants' residence address, it would have been futile because there is no assurance that the postal service in Taiwan is reliable.

While it is true that the law does not require an exercise in futility, one cannot sit back and say "it would not have worked" as an excuse for not trying and then be heard to say he exercised diligence. We hold, therefore, that the plaintiffs did not make the requisite showing of good cause for an extension of the one-year prescribed period for serving the defendants and the action should have been dismissed.

The order denying the motion to dismiss is vacated with directions to enter an appropriate order of dismissal.

HATHAWAY and RICHMOND, JJ., concur.