579 P.2d 72

Charles P. PETERS and Deanna G. Peters, husband and wife, Appellants,

v.

M & O CONSTRUCTION, INC., an Arizona Corporation; and Ponderosa Homes, a division of Kaiser-Aetna, a partnership, Appellees.

No. 1 CA–CIV 3628.

Court of Appeals of Arizona, Division 1, Department B.

May 11, 1978.

Robert A. L'Ecuyer, Phoenix, Michael E. St. George, Tempe, for appellants.

Jennings, Strouss & Salmon, Stephen A. Myers, Phoenix, for appellees.

## OPINION

OGG, Judge.

The issues raised in this appeal are whether the trial court erred in 1) denying a motion to enlarge the time for service of an amended complaint and alias summonses; 2) granting a motion to abate the summonses; and 3) dismissing the cause of action with prejudice because the statute of limitations had run.

On August 29, 1973, plaintiff/appellant Charles P. Peters was injured while acting in the scope of his employment. He retained a lawyer to represent him in both the workmen's compensation proceeding and a civil action against any potential third parties. This appeal concerns only the third party action.

ARS § 23–1023 provides that any third party claim arising out of an injury covered by workmen's compensation must be instituted within one year of the injury or the right to maintain that action shall pass to the insurance carrier. *See, Martinez v. Bucyrus-Erie Co.,* 113 Ariz. 119, 547 P.2d 473 (1976). In accordance with that statute, plaintiff filed a complaint against defendants M & O Construction and Ponderosa Homes on August 28, 1974. The record does not indicate, however, that the summonses were ever issued. As a result, after the expiration of one year, the superior court placed the action on the inactive calendar and scheduled it for involuntary dismissal unless the issues were joined and a certificate of readiness was filed by November 19, 1975. Instead of joining the issues, plaintiff filed an amended complaint and alias summonses on October 29, 1975. Service was made on October 29 and 30.

Defendants filed a timely motion to abate the alias summonses and dismiss the cause of action because the summonses were not served within one year of the original complaint as required by 16 ARS Rules of Civil Procedure, rule 6(f). Plaintiff responded by moving for an enlargement of time for service pursuant to rule 6(b). There was a hearing on the motions, after which the trial court ruled that the summonses were

not served in accordance with rule 6 and there was no excusable neglect or good cause justifying enlargement of the required time limitations. The court, therefore, denied the motion for enlargement and granted the motion for abatement of the summonses. The court also found the applicable statute of limitation for third party personal injury claims was two years, as expressed in ARS § 12–542, and it had expired. Consequently, the court dismissed the cause of action with prejudice. From these rulings plaintiff now appeals.

Plaintiff first argues that the trial court erred in granting defendants' motion of abatement and denying plaintiff's motion for enlargement. The abatement statute provides that an action will abate if the summons is not issued and served within one year of the filing of the complaint. The trial court has discretion, however, to extend this period for good cause. *Van Campen v. Upjohn Co.,* 19 Ariz.App. 81, 504 P.2d 1304 (1973). Similarly, the enlargement statute provides that it is within the discretion of the trial court to extend the time for service of the summons if the failure of the service was the result of excusable neglect. The primary question for this court's determination is whether the trial court abused its discretion in making its rulings on the motions.

■ It is well established law in Arizona that appellate courts will not disturb the exercise of discretion of the trial court if it is supported by any reasonable evidence. *Eldridge v. Jagger,* 83 Ariz. 150, 317 P.2d 942 (1957). It is plaintiff's position that there was no such evidence presented supporting the trial court's determination that good cause and excusable neglect did not exist for relieving the plaintiff of the time requirements of rule 6. Plaintiff claims the standard to be applied in making this determination is the reasonable man test and under the circumstances presented he satisfied that standard. Specifically, plaintiff alleges 1) within one year of his injury he filed the original complaint against defendants to prevent his right of action from being transferred to the insurance carrier

pursuant to ARS § 23–1023; 2) no further action was taken on this complaint because plaintiff first wanted to determine the liability of the insurance carrier; and 3) it was during this delay that the one year period to serve the summonses expired. Plaintiff concludes that since defendants knew the facts concerning the carrier's liability from the beginning, their strategy was to lull plaintiff into believing the workmen's compensation claim was about to be settled and this deception resulted in the delay in issuing the summonses.

Defendants argue, and we agree, that there is nothing in the record which shows the defendants induced the plaintiff not to effect service or led him to believe that liability was not in dispute and settlement was imminent. Moreover, there were well established alternatives available to plaintiff to preserve his claim without violating the requirements of rule 6(f). Even if the injury was not stationary and the amount of liability not fixed, the plaintiff could have 1) served the summonses within one year of injury, thereby preserving his right to maintain the cause of action before it was assigned to the insurance carrier; or 2) negotiated with the carrier for an assignment back of the cause of action, thereby permitting the filing of a lawsuit in the name of the injured party before the expiration of the statute of limitations. *Henshaw v. Mays,* 20 Ariz.App. 300, 512 P.2d 604 (1973). See, also, *Sargent v. Hallcraft Homes, Inc.,* 20 Ariz.App. 308, 512 P.2d 612 (1973); *Clark v. Kennecott Copper Corp.,* 20 Ariz.App. 307, 512 P.2d 611 (1973). Plaintiff did not avail himself of these options. Under the circumstances we cannot say the trial court abused its discretion in refusing to enlarge the time for serving the summonses and granting the defendants' motion to dismiss the action.

■ Plaintiff's next contentions are that the trial court's finding that the statute of limitations had run and the resulting dismissal with prejudice were erroneous. Plaintiff argues that the court erred in applying the two year statute of limitations of ARS § 12–542 rather than that of ARS

§ 12–510. This latter section, however, provides that the *state* shall not be barred by the limitation of certain actions. Neither the state nor a municipal corporation is a party to this action. Apparently it is plaintiff's position that the two year statute does not apply to third party personal injury claims involving injuries to individuals covered by workmen's compensation insurance because the state has a policy to benefit the injured worker.

We reject plaintiff's argument that § 12–510 was the proper statute to apply in the present case. In *Henshaw v. Mays and Russell v. Beck,* 22 Ariz.App. 436, 528 P.2d 187 (1974), this court, in interpreting ARS § 23–1023, held that recipients of workmen's compensation benefits may maintain actions against third parties when the actions were brought more than one year after an industrial injury but *within two years* if the approval of the insurance carrier was obtained. While the applicable statute of limitations was not the precise issue presented in those cases, the court rulings assumed the application of § 12–542. We believe that assumption is sound. Had the legislature intended to provide a special limitation period for third party personal injuries it could have done so. Since it did not, we can conceive of no reason for this court to do so.

 Plaintiff argues, however, that even if the two year limitation period of § 12–542 applies to this case, the filing of the original complaint on August 28, 1974, tolled the running of the statute for the one year period provided in rule 6(f) within which plaintiff had to serve the summonses. As a result, plaintiff claims the two year period had not run by the time the amended complaint was filed and summonses issued and that the dismissal should not have been with prejudice.

We reject this contention and hold that the filing of the original complaint did not toll the statute of limitations. If a complaint is dismissed without prejudice, the general rule is that the situation is the same as if the suit had never been brought, unless there is a statute to the contrary. *Bomer v. Ribicoff,* 304 F.2d 427 (6th Cir. 1962); *Humphreys v. United States,* 272 F.2d 411 (9th Cir. 1959). Arizona has no such statute and therefore the defective commencement of the action does not toll the statute. The legislature has provided conditions which do toll the statute but defective service is not such a condition. See ARS §§ 12–501, 12–502 and 12–507. Moreover, even if we assume that the filing of the complaint did toll the statute, it would not change the outcome of this case. As previously mentioned, the plaintiff had one year to file a complaint or two years to negotiate an assignment with the carrier to protect his right of action. Regardless of whether the limitation period had been tolled for a year after the filing of the original complaint, the amended complaint was not filed within one year of the injury and there has never been an assignment back by the insurance carrier. We hold, therefore, that the statute of limitations had run and the trial court properly dismissed the action with prejudice.

Affirmed.

JACOBSON, Acting P. J., and NELSON, J., concur.