808 P.2d 1222

**Patti and Robert JANSON, on behalf of their incompetent son, Robert JANSON, Jr., Plaintiffs,**

v.

**Fred K. CHRISTENSEN, M.D., and Robert J. Dunn, M.D., Defendants.**

No. CV-90-0077-CQ.

Supreme Court of Arizona, En Banc.

April 5, 1991.

John P. Moran, P.C. by John P. Moran, Phoenix, for plaintiffs.

Snell & Wilmer by Laura J. Janzik, Courtney Paige Odishaw, Phoenix, for defendants.

CORCORAN, Justice.

Pursuant to rule 27(a), Rules of the Arizona Supreme Court, the United States District Court for the District of Arizona has certified to this court the following question of law:

Does A.R.S. § 12–504, commonly referred to as Arizona's saving statute, apply to the refiling of an action after the statute of limitations has expired, when the original action was terminated before the expiration of the limitations period?

■ Because this question is an issue of first impression in this state and could be determinative of the action before the district court, we accept jurisdiction pursuant to Ariz. Const. art. 6, § 5(6), A.R.S. § 12–1861, and rule 27(b).[1] In response to the district court's question, we conclude that the saving statute, by its language, applies to an action that is timely filed and then terminated for one of the enumerated reasons, regardless of whether termination occurs *before* or *after* the limitations period has expired.

*Facts*

On August 16, 1985, after sustaining injuries in a one-car accident, Robert Janson

1. The plaintiffs also request this court's permission to supplement the record concerning factual issues decided by the district court. We de-

cline their request, and will address only the question as certified.

Jr. was admitted to Scottsdale Memorial Hospital (Hospital), where he was treated by Drs. Christensen and Dunn (doctors) and where, on September 18, 1985, Dr. Christensen removed a subdural accumulation from his brain. Janson was a patient at the Hospital for approximately two months. Since November 1985, however, he has been confined in various nursing homes and rehabilitation centers in Pennsylvania and Ohio.

On their son's behalf, Janson's parents sued the doctors in United States District Court, claiming that they had negligently treated Janson. The suit, which was filed in Phoenix on May 21, 1987, was dismissed without prejudice on February 8, 1988, due to insufficiency of process. The Jansons then filed a new complaint in district court on March 29, 1988. Because the two-year statute of limitations on their medical malpractice action had expired before the date of refiling, however, the Jansons invoked A.R.S. § 12–504, Arizona's saving statute.

The doctors moved to dismiss the second suit, arguing that the saving statute applies only when the previous action is terminated *after* the statute of limitations has run. Under this interpretation, the Jansons could not invoke the statute because their first suit was dismissed *before* the limitations period had expired, and therefore, without the aid of the statute, their second suit was barred.

The district court concluded, however, that the saving statute was sufficiently ambiguous to prevent it from ruling on the motion to dismiss. It therefore certified to this court the question of whether the statute applies to the refiling of an action after the statute of limitations has expired when the original action was terminated before the expiration of the limitations period.

*Discussion*

1. *The Saving Statute's Language*

Arizona's saving statute provides in part:

If an action is commenced within the time limited for the action, and the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits, the plaintiff, or a successor or personal representative, may commence a new action for the same cause after the expiration of the time so limited and within six months after such termination.

A.R.S. § 12–504(A).

The district court has asked us to construe the scope and meaning of this provision. In doing so, we follow fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction. *See Juvenile Appeal 74802-2,* 164 Ariz. 25, 33, 790 P.2d 723, 731 (1990); *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985). Therefore, if we find no ambiguity in the statute's language, we must give effect to that language and we may not employ other rules of construction to interpret the provision. *See Balestrieri v. Hartford Accident & Indem. Ins. Co.,* 112 Ariz. 160, 163, 540 P.2d 126, 129 (1975); *Board of Accountancy v. Keebler,* 115 Ariz. 239, 240, 564 P.2d 928, 929 (App. 1977).

We believe that the language of the saving statute is clear and that we need look no further to answer the district court's certified question. The statute lists two prerequisites to a litigant's right to refile: (1) that "an action is commenced within the time limited for the action," and (2) that "the action is terminated in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits." [2] The Jansons filed their first action in district court on May 21, 1987, well within the two-year statutory period for medical malpractice actions. *See* A.R.S. § 12–542(1). Thus, the first requirement is satisfied.

2. We do not address the second sentence of § 12–504(A), which concerns the court's discretion to allow a second action to be filed when the first action is terminated by abatement, voluntary dismissal by order of the court, or dismissal for lack of prosecution.

The district court dismissed the action without prejudice due to insufficiency of process, which is not one of the prohibited forms of termination. Thus, the second requirement is also satisfied.

Under the saving statute, therefore, the Jansons were allowed to commence a new action for the same cause (1) after the expiration of the limitations period and (2) within 6 months after the termination of their first case. The district court found that the Jansons' limitations period expired in late February 1988. Their first action was terminated on February 8, 1988. They refiled on March 29, 1988—after the statute of limitations had expired and within 6 months of the termination of the first action. Having fulfilled the statute's requirements, the Jansons' second action is saved.

### 2. *The Doctors' Interpretation*

Despite the statute's simplicity, however, the doctors argue that the provision applies *only* when the first action is terminated *after* the expiration of the statute of limitations. We disagree. We find no support for that argument in the statute's language, which provides only that a litigant may *commence* the second action after the limitations period has expired, not that the first action be *terminated* after that time. In essence, the doctors are attempting to amend the statute so that the phrase "after the expiration of the time so limited" refers to the termination of the first action, rather than the commencement of the second. They would have the statute read as follows:

> If an action is commenced within the time limited for the action, and the action is terminated *after the expiration of the time so limited* ..., the plaintiff ... may ·commence a new action for the same cause ~~after the expiration of the time so limited and~~ within six months after such termination.

■ We must read the statute, however, to give it a fair and sensible meaning. *See State v. Garza Rodriguez*, 164 Ariz. 107, 112, 791 P.2d 633, 638 (1990). We note that the saving statutes of some jurisdictions expressly require that the limitations period expire during the pendency of the first suit before a party may refile under the statute. *See, e.g.,* Kan.Stat.Ann. § 60–518 (1983) ("If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, *and the time limited for the same shall have expired,* the plaintiff ... may commence a new action within six (6) months after such failure.") (emphasis added); Ohio Rev. Code Ann. § 2305.19 (1981) ("In an action commenced, ... if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, *and the time limited for the commencement of such action at the date of reversal or failure has expired,* the plaintiff ... may commence a new action within one year after such date.") (emphasis added). Arizona's saving statute, however, simply has no similar express restriction, and we cannot graft one on to the provision. Nor do we believe that such a restriction would be appropriate.

The doctors' interpretation of the saving statute would result in severe and arbitrary application of the provision, a result that we believe countermands the statute's obvious remedial purpose. *See Templer v. Zele*, 166 Ariz. 390, 391, 803 P.2d 111, 112 (App.1990) ("[T]he [saving] statute is broadly worded and we must assume, unless and until the legislature informs us otherwise, that it is worded broadly to ensure its remedial purpose.") For example, assume Plaintiff A and Plaintiff B both have causes of action with statutes of limitations expiring on the same day. Both plaintiffs file timely actions and both actions are dismissed for insufficiency of process. By fate, however, A's suit is terminated the day before the limitations period expires; B's suit is terminated the day after the period expires. Under the doctors' interpretation, although A and B are separated only by the vagaries of fortune, only B can rely on the saving statute to refile, because her suit was terminated after the limitations period had expired.

In his text *The Statutes of Limitation Saving Statutes*, William Ferguson ad-

dressed the shortcomings of the approach advocated by the doctors:

> The obvious purpose of the saving statute is that where defendant has been sued within the limitation period so the purpose of the statute of limitations is fulfilled but the suit is terminated on grounds other than the merits, plaintiff should have an additional period in which to sue correctly. To follow the Kansas [saving statute] puts a premium on chance without considering the purpose of the limitation or the saving statute. Whether the limitation expires the day before or the day after the dismissal of the suit should make no difference to the defendant. In either case he has been put on notice to preserve his evidence and the purpose of the limitation is met. Actually the Kansas results provide defendant with a windfall if he is fortunate enough to get the dismissal just before the limitation expires.

W. Ferguson, *The Statutes of Limitation Saving Statutes* 359 (1978).

Despite the equitable discrepancies in their argument, the doctors maintain that this court's opinion in *Hosogai v. Kadota*, 145 Ariz. 227, 700 P.2d 1327 (1985), supports their restrictive interpretation. In *Hosogai*, after applying the doctrine of equitable tolling to save a timely filed action that was reversed on appeal, we called upon the legislature to pass a general saving statute. *See id.* at 234, 700 P.2d at 1334. The doctors now cite the following language from that case as consistent with their argument: "A 'savings' statute allows an action, dismissed for reasons unrelated to the merits *after the statute of limitations has expired,* to be reinstated if a second action is filed promptly thereafter." *Id.* at 230, 700 P.2d at 1330 (emphasis added).

The doctors argue that, because the legislature enacted the saving statute in response to our comments in *Hosogai*, the statute is merely a codification of that opin-ion and the above statement is indicative of the scope of the current provision. They therefore conclude that the statute applies only if the first action is dismissed after the statute of limitations has expired. We disagree.

*Hosogai* concerned a judgment that was reversed *after* the statute of limitations had expired,[3] and, in discussing a "savings statute that applies to these facts," the court noted that such a statute would allow a plaintiff to file a second action when the first action was "dismissed for reasons unrelated to the merits after the statute of limitations has expired." 145 Ariz. at 230, 700 P.2d at 1330. We simply did not address in *Hosogai* the role of a saving statute when the first action is dismissed before the statute of limitations expires.

In addition, in calling for the legislature to enact a "general savings statute," we pointed with approval to the majority of states that had adopted saving statutes for civil actions. *See id.* at 234, 700 P.2d at 1334. Many of those enactments do not discern between suits dismissed before or after the expiration of the statute of limitations. *See, e.g.,* Ga.Code Ann. § 9–2–61 (Supp.1990); Ill.Ann.Stat. ch. 110, para. 13–217 (Smith–Hurd 1984); Okla.Stat.Ann. tit. 12, § 100 (West 1981).

We therefore are not persuaded by the doctors' reliance on *Hosogai*. More importantly, however, regardless of the impetus for the legislature's enactment of the saving statute and despite comments made by this court in *Hosogai*, we reiterate that the provision's language is controlling, and that language clearly demonstrates that the provision is not limited by *Hosogai*. For that reason, we reject the doctors' analysis of the statute. We cannot accept an interpretation that, in addition to running counter to the purpose of this type of legislation, disregards the saving statute's plain language. Rather, we choose to follow Justice Cardozo's frequently cited ad-

---

**3.** The court of appeals in the first *Hosogai* suit determined that the plaintiff's judgment was void because the trial court lacked personal jurisdiction over the defendant due to defective service of process. *Kadota v. Hosogai,* 125 Ariz. 131, 608 P.2d 68 (App.1980). This court then applied the equitable tolling doctrine to save the plaintiff's second suit, which was filed after the statute of limitations had expired.

vice that the saving statute's "broad and liberal purpose is not to be frittered away by any narrow construction." *Gaines v. City of New York*, 215 N.Y. 533, 539, 109 N.E. 594, 596 (1915).

### Conclusion

We therefore answer the district court's certified question in the only way the language of the statute affords. We conclude that the saving statute applies to an action that is timely filed and then terminated for one of the reasons enumerated in the statute, regardless of whether termination occurs before or after the limitations period has expired.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, and MOELLER, JJ., concur.