970 P.2d 450

**PAGING NETWORK OF ARIZONA, INC., Plaintiff–Appellant,**

v.

**ARIZONA DEPARTMENT OF REVENUE, Defendant–Appellee.**

**No. 1 CA–TX 97–0020.**

Court of Appeals of Arizona, Division 1, Department T.

July 16, 1998.

Reconsideration Denied Aug. 26, 1998.

Review Denied Jan. 12, 1999.

---

Newmark Irvine, P.A. by Stephen C. Newmark, Phoenix, for Plaintiff–Appellant.

Grant Woods, Attorney General by Sara D. Branscum, Assistant Attorney General, Phoenix, for Defendant–Appellee.

GERBER, Judge.

¶ 1   Paging Network of Arizona, Inc. (the taxpayer), appeals from summary judgment for the Arizona Department of Revenue (DOR) on its claim for a refund of Arizona transaction privilege (excise) taxes. The taxes were levied pursuant to Arizona Revised Statutes Annotated (A.R.S.) section 42–1310.04 (Supp.1997), which applies an excise tax on the business of providing intrastate telecommunications services. The issue that the taxpayer's appeal presents is strictly one of law—whether the tax imposed by that statute encompasses the business of providing one-way radio paging services.

*FACTS AND PROCEDURE*

¶ 2   There is no disagreement about the facts. The taxpayer operates a paging service. It has acquired from the Federal Communications Commission the right to broadcast radio signals on specific assigned frequencies. From the local telephone company it has acquired a block of individual telephone numbers.

¶ 3   In return for a periodic fee, the taxpayer provides one-way radio message services to each of its customers. The taxpayer assigns an individual telephone number to a passive radio reception device, or pager, that its customer carries. A person wishing to communicate with the paging customer dials the customer's assigned telephone number. One of the taxpayer's computers receives this call and directs the caller to input the telephone number the paging customer is to call. The taxpayer's equipment simultaneously broadcasts a radio signal to the paging customer that contains the telephone number the caller has transmitted to the computer.

¶ 4   If the paging customer's pager is on and is located in an area where the taxpayer's radio signal can be received, the pager receives the signal, produces a noise or a vibration, and displays on a tiny screen the telephone number the caller has forwarded. Because a pager can receive a radio signal but cannot transmit one, the paging customer must use a telephone to call the transmitted number.

¶ 5   DOR audited the taxpayer for the period January 1986 through November 1991. It issued a deficiency assessment charging an underpayment of transaction privilege taxes in several categories, including that of intrastate telecommunications services. After exhausting its administrative remedies, the taxpayer paid the assessment

under protest and brought this action in the tax court for a refund.

¶ 6 On cross-motions for partial summary judgment, the tax court ruled for DOR. From formal judgment, the taxpayer appeals. This court has appellate jurisdiction under A.R.S. section 12–2101(B) (1994). Our standard of review is *de novo. See Hampton v. Glendale Union High School Dist.,* 172 Ariz. 431, 433, 837 P.2d 1166, 1168 (App.1992).

## DISCUSSION AND RESOLUTION

¶ 7 The taxpayer urges that the tax court erred in holding that gross receipts from the business of one-way radio paging were taxable under the telecommunications classification. It asserts that from its beginnings in 1935, the transaction privilege tax on the business of transmitting local and long distance messages has "applied only to two-way communications. It has never been expanded to one-way communications." It advances this thesis in some detail through references and comparisons to legislative history, other statutes, the Model City Tax Code, and the familiar rule that a taxing provision is to be strictly construed against the taxing authority.

¶ 8 If the meaning or interpretation of terms in a statute are uncertain, the statute is ambiguous. Where this is so, a court is permitted to resort to the rules of statutory construction to determine legislative intent. *See Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). If the statute is unambiguous, however, the rules of construction have no legitimate function. The court must give effect to the statute's language as written, unless doing so would lead to absurd or impossible results. *See Home Builders Ass'n of Central Arizona v. City of Scottsdale,* 187 Ariz. 479, 483, 930 P.2d 993, 997, *cert. denied,* 521 U.S. 1120, 117 S.Ct. 2512, 138 L.Ed.2d 1015 (1997); *Lowing v. Allstate Ins. Co.,* 176 Ariz. 101, 103, 859 P.2d 724, 726 (1993); *Janson on Behalf of Janson v. Christensen,* 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991).

¶ 9 A.R.S. section 42–1306 (1991) provides in part:

A. There is levied and there shall be collected by the department ... privilege taxes measured by the amount or volume of business transacted by persons on account of their business activities, and in the amounts to be determined by the application of rates against values, gross proceeds of·sales or gross income, as the case may be, as prescribed by this article.

¶ 10 A.R.S. section 42–1310.04 (Supp.1997) provides in part:

A. The telecommunications classification is comprised of the business of providing intrastate telecommunications services....

B. The tax base for the telecommunications classification is the gross proceeds of sales or gross income derived from the business

. . . .

C. For purposes of this section, "intrastate telecommunications services" means transmitting signs, signals, writings, images, sounds, messages, data or other information of any nature by wire, radio waves, light waves or other electromagnetic means if the information transmitted originates and terminates in this state.

¶ 11 The taxpayer's contention is that its business of providing one-way radio paging services in Arizona is not within the telecommunications classification established by section 42–1310.04. Its reasoning in support of this contention, however, avoids explaining how this conclusion flows from the statutory language itself.

¶ 12 The applicable language quite clearly establishes the contrary. The taxpayer's business comprises "transmitting" "by ... radio waves" "information" ... that "originates and terminates in this state."[1] As DOR says, "That is all the statute requires." The taxpayer identifies nothing in the statute's words that imposes the "two-way communications" requirement it insists the statute entails.

---

1. The taxpayer has not argued in this appeal that DOR has attempted to tax communications not

originating and/or terminating in Arizona.

¶ 13   We will not venture outside the language of an unambiguous statute to explore whether it might be construed to provide something different from the meaning that clearly appears on its face.   The tax court did not err in granting summary judgment for DOR. The judgment is affirmed.

GARBARINO, P.J., and WEISBERG, J., concur.