964 P.2d 491

**Diane SCHWARTZ and Joel Schwartz, a married couple, Plaintiffs–Appellants,**

**v.**

**ARIZONA PRIMARY CARE PHYSICIANS, an Arizona corporation; Jeff Schneidman, as personal representative of the Estate of Lawrence E. Grass, M.D., deceased; Lana Grass, surviving spouse of Lawrence E. Grass, M.D., deceased, Defendant–Appellees.**

**No. 1 CA CV 97–0519.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 20, 1998.

As Corrected Sept. 3, 1998.

Daniel J. Radacosky, P.C. by Daniel J. Radacosky, Phoenix and John J. Reiner, Los Angeles, for Plaintiffs–Appellants.

Goodwin & Raup, P.C. by Sharon E. Ravenscroft Calvin L. Raup, Phoenix, for Defendants–Appellees.

## OPINION

BERCH, Judge.

¶ 1 Diane and Joel Schwartz ("the Schwartzes") appeal from the trial court's dismissal of their medical malpractice action against Jeff Schneidman, as personal representative of the Estate of Lawrence E. Grass, M.D. ("Estate" [1]), Lana Grass, the widow of Dr. Grass, and Arizona Primary Care Physicians ("APCP"), Dr. Grass's medical group.[2] The trial court concluded that the Schwartzes improperly served process [3] on the Grass Defendants and that their action against the Grass Defendants had abated. The court further denied the Schwartzes' request for relief under Arizona's savings statute, Arizona Revised Statutes Annotated ("A.R.S.") section 12–504, finding that the equities did not warrant such relief. Because we find that the Schwartzes' action had not abated, but rather that the error was one of insufficient process, we reverse the trial court's ruling and hold that the Schwartzes are entitled, as a matter of right, to refile their action pursuant to the mandatory provisions of the savings statute. We further note that, even if the trial court had discretion here, it abused its discretion in denying the Schwartzes the opportunity to refile their action.

## BACKGROUND

¶ 2 In 1995, Diane Schwartz ("Diane"), a patient of gynecologist Lawrence Grass, was diagnosed with metastatic breast cancer. On February 23, 1996, the Schwartzes filed a medical malpractice action in Maricopa County Superior Court against the Grass Defendants and other health-care providers who had treated Diane. The Schwartzes alleged that Dr. Grass failed to timely diagnose and treat Diane's breast cancer. The Schwartzes did not serve any of the Defendants with this complaint, but instead amended their complaint to include additional health-care providers as Defendants.

¶ 3 After filing the first amended complaint on May 22, 1996, the Schwartzes hired a qualified process server to serve Defendants with a summons, a copy of the first amended complaint, and an amended certificate of arbitration. By June 5, 1996, all but the Grass Defendants had been served with process. Also on June 5, one of the other Defendants filed a Notice of Removal to the United States District Court for the District of Arizona. The Grass Defendants were served with the previously issued *state*-court process on June 10, June 18, and June 19, respectively.

¶ 4 While the case was pending in federal court, the Schwartzes and the Grass Defendants engaged in settlement negotiations. On November 19, 1996, the federal court granted the Schwartzes' motion to remand the case to state court, finding that the unanimity requirement of removal had not been met. On December 12, 1996, settlement discussions not having resolved the matter, the Schwartzes asked all Defendants to file answers on behalf of their clients. The Grass Defendants responded by letter that the Schwartzes had "not properly served" them and, therefore, were not "entitled to request an Answer." In a letter dated December 20, 1996, the Schwartzes replied that they did not understand why the Grass Defendants considered the service insufficient, and enclosed copies of the affidavits of service on each of the Grass Defendants. The Grass Defendants did not respond to this letter.

¶ 5 On January 7, 1997, the Grass Defendants filed their Answer, asserting the defenses of insufficiency of process, insufficiency of service of process, lack of personal

---

1. Dr. Grass died before the Schwartzes filed their complaint.

2. Collectively, the "Grass Defendants."

3. Although the trial judge used this term, we assume that he meant that the process served was insufficient. No one has contended that the personal, in-hand service by a process server did not constitute adequate service of process.

jurisdiction, and abatement. The Grass Defendants then participated in discovery and listed these defenses, without elaboration, in their March 10, 1997 disclosure statement. The Grass Defendants also participated in the comprehensive pretrial conference, identified their anticipated areas of expert testimony, and opposed the Schwartzes' motion for trial preference.

¶6 On March 17, 1997, immediately after the statute of limitations had run on the Schwartzes' claims, the Grass Defendants moved to dismiss the case based on the service of state-court process after the case had been removed to federal court, lack of personal jurisdiction, and abatement. The trial court granted the motion to dismiss and denied the Schwartzes' request for relief under Arizona's savings statute, A.R.S. section 12–504. After summarily denying the Schwartzes' Motion for Reconsideration, the trial court entered a signed order dismissing the Schwartzes' claims and entering final judgment for the Grass Defendants.

¶7 The Schwartzes then filed this appeal. This court has jurisdiction pursuant to A.R.S. section 12–2101(B).

### ISSUES

¶8 The Schwartzes raise three issues on appeal: (1) Did the trial court err in dismissing the action for defective process; (2) did the trial court err in denying the Schwartzes' request for leave to refile their complaint as a matter of right under Arizona's savings statute; and (3) if the Schwartzes were not entitled to refile their complaint as a matter of right, did the trial court abuse its discretion in denying relief under the savings statute?

### DISCUSSION

#### A. Analysis of 28 U.S.C. section 1448

¶9 The Schwartzes claim on appeal that the trial court improperly dismissed their lawsuit. Their position is that in-hand service of the state-court process upon the

Grass Defendants after the case had been removed to federal court was effective to confer jurisdiction over the Defendants. This argument, however meritorious it might be, was never raised below. In dismissing the action, the trial court assumed, and the Schwartzes did not contest, that the state courts would follow the Ninth Circuit rule that, once a case has been removed to federal court, service of process issued by a state court is invalid. *See Beecher v. Wallace*, 381 F.2d 372 (9th Cir.1967). The Ninth Circuit rule stems from its interpretation of 28 U.S.C. section 1448, which provides as follows:

> In all cases removed from any State court to any district court of the United States in which one or more of the defendants has not been served with process or in which the service has not been perfected prior to removal, or in which process served proves to be defective, such process or service may be completed or new process issued in the same manner as in cases originally filed in such district court.

28 U.S.C. § 1448. The court in *Beecher* interpreted section 1448 to mean that process validly issued by a state court but not served on a defendant becomes invalid if served after a notice of removal to federal court is filed. 381 F.2d at 373. While this interpretation is the rule in the Ninth Circuit, it is not necessarily the rule in Arizona state courts. *See Ritchie v. Grand Canyon Scenic Rides*, 165 Ariz. 460, 464, 799 P.2d 801, 805 (1990) (Arizona courts are not bound by federal court decisions if "Arizona policy, practice, or case law requires a different result.").

¶10 Moreover, the Ninth Circuit interpretation is not unanimous among the federal courts. Some courts have flatly rejected it. *See, e.g., Listle v. Milwaukee County*, 926 F.Supp. 826, 827 (E.D.Wis.1996), *aff'd*, 138 F.3d 1155 (7th Cir.1998) (citing *Continental Ill. National Bank and Trust Co. of Chicago v. Protos Shipping, Inc.*, 472 F.Supp. 979, 982–83 (N.D.Ill.1979) (holding that service of a state-court summons and complaint after removal to federal court is valid service)).[4]

4. For additional discussion of the division of authority among federal courts, *see* James Wm. Moore, 14 Moore's Federal Practice §§ 81.04[3]

and n. 28 (3d ed., 1997) (Daniel Coquillette, Sol Schreiber, Gregory P. Joseph, Jerold S. Solovy, and Georgene M. Vairo, eds.); Charles A. Wright

The federal courts in Wisconsin and Illinois noted that a *Beecher*-type analysis elevates form over substance and gives no meaning to the statutory language that "service may be completed" after removal. *See id.* at 828; *Continental Ill. Nat'l Bank*, 472 F.Supp. at 982–83.

¶ 11  The Ninth Circuit itself has suggested that whether process is sufficient to confer jurisdiction over parties regarding state-law issues returned from a federal court to a state court should be determined by the state court. *See Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir.1993) (discussing process served before removal). In declining to rule upon the efficacy of service, the court stated that "[t]he issue of the sufficiency of service of process ... is strictly a state-law issue [citations omitted], and as a matter of comity, is best addressed in the state courts if the only remaining claims are pendent state claims which the district court is remanding." *Id.* This position appropriately recognizes that removal to federal court and remand of a case properly filed in a state court simply interrupts the state court's jurisdiction. *See Ex Parte Metropolitan Life Ins. Co.*, 707 So.2d 229, 232 (Ala.1997) (quoting *Doerr v. Warner*, 247 Minn. 98, 76 N.W.2d 505 (1956)).

¶ 12  No Arizona court has decided whether the *Beecher* analysis applies in Arizona courts, and the issue should not be decided in this case, in which the issue was raised for the first time on appeal. Because the parties proceeded in the trial court as if the *Beecher* analysis applied, we will proceed on that assumption, too, and we do not reverse the trial court because it relied on *Beecher.* However, we question whether our courts, when faced squarely with the issue, would adopt the *Beecher* analysis as the rule for state courts in Arizona.

*B.  Abatement versus insufficiency of process*

■  ¶ 13  The Schwartzes' second issue, whether they were entitled to refile their complaint as a matter of right, requires us to interpret Arizona's savings statute. Because statutory interpretation is a question of law, we review the trial judge's ruling *de novo.*

& Arthur Miller, Federal Practice and Procedure

*See Perguson v. Tamis*, 188 Ariz. 425, 427, 937 P.2d 347, 349 (App.1996).

■  ¶ 14  Like many other states, Arizona has a savings statute that allows parties the opportunity, in some circumstances, to refile a dismissed claim after the statute of limitations has run:

> If an action is commenced within the time limited for the action, and the action is terminated *in any manner other than by abatement, voluntary dismissal, dismissal for lack of prosecution or a final judgment on the merits,* the *plaintiff ... may commence* a new action for the same cause after the expiration of the time so limited and within six months after such termination. If an action timely commenced *is terminated by abatement,* voluntary dismissal by order of the court or dismissal for lack of prosecution, *the court in its discretion* may provide a period for commencement of a new action for the same cause, although the time otherwise limited for commencement has expired. Such period shall not exceed six months from the date of termination.

A.R.S. § 12–504(A)(emphasis added). By the terms of the statute, whether a party's right to refile a lawsuit is absolute or discretionary depends upon the reason for the termination of the action. If the Schwartzes' action had abated, it could be refiled only by leave of the court, because the statute of limitations had expired. *See id.* If the action were terminated for insufficiency of process, however, the statute entitles the Schwartzes to refile their complaint as a matter of right. *See id.; Janson v. Christensen*, 167 Ariz. 470, 472, 808 P.2d 1222, 1224 (1991). In *Janson*, the supreme court reasoned that the legislature's failure to list insufficiency of process as a discretionary item in the savings statute demonstrates that a plaintiff whose case was dismissed for insufficiency of process has an absolute right to refile. *See* 167 Ariz. at 472, 808 P.2d at 1224.

■  ¶ 15  The trial court concluded that the Schwartzes' claims against the Grass Defendants had abated because they were never

§ 1082 (1969 and Supp.1998).

served with a valid summons within the 120–day time limit for service set forth in Rule 4(i), Arizona Rules of Civil Procedure ("Rule"). Therefore, the court held that the Schwartzes could refile their action only by leave of the court, which leave the court denied. The Schwartzes incorrectly argue that the repeal of former Rule 6(f) and its replacement with current Rule 4(i) eradicated the defense of abatement entirely. This rule change did not eliminate the doctrine of abatement; it simply shortened the time limit for service of summons from one year to 120 days. *See Clark v. DS Rentco, Inc.,* 175 Ariz. 233, 234 n. 1, 854 P.2d 1219, 1220 n. 1 (App.1993). An action still abates if a summons is not served within the time limits prescribed by the procedural rules. *See id.*

¶ 16 Repealed Rule 6(f) defined abatement as the failure to issue and serve the summons within one year of the filing of the complaint. Abatement occurs when defendants receive no complaint or summons within the requisite time period to put them on notice of the pending case. *See, e.g., Cook v. Superior Court,* 135 Ariz. 1, 658 P.2d 801 (1983); *Air Power, Inc. v. Superior Court,* 142 Ariz. 492, 690 P.2d 793 (App.1984); *Riley v. Superior Court,* 116 Ariz. 89, 567 P.2d 1218 (App.1977). The abatement rule gives effect to the statute of limitations and prevents a plaintiff who files an action within the statute of limitations, but fails to timely serve the defendants, from gaining a tactical advantage against defendants who are not on notice that they should begin preparing to respond to a lawsuit. *See Safeway Stores, Inc. v. Maricopa County Superior Court,* 19 Ariz.App. 210, 214, 505 P.2d 1383, 1387 (1973).

¶ 17 The Grass Defendants' defense, however, was not abatement, but insufficiency of process. *See* Ariz. R. Civ. P. 12(b)(4). Unlike abatement, insufficiency of process goes to the form of the papers. *See* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1353, at 276 (2d ed.1990). The Grass Defendants

claim that, while the form of the papers was proper, the summons was issued, not by the federal court, but by a state court that temporarily lacked jurisdiction—that is, the summons that issued bore the seal of the wrong court and was therefore void. The Grass Defendants impliedly concede that the process served on them would have been effective had the documents borne the seal of the federal district court. If, however, the process the Grass Defendants received bore no court seal at all, then it would be clear that this was an insufficiency in the papers themselves.

¶ 18 Here, because the Grass Defendants received process, even assuming that the process was defective because of *Beecher,* the action did not abate.[5] The trial judge erred in designating the defect abatement rather than insufficiency of process. *Janson* controls and requires, as a matter of law, that the Schwartzes be given the opportunity to refile their action within six months. *See Janson,* 167 Ariz. at 470, 808 P.2d at 1222; A.R.S. § 12–504.

### C. Discretionary relief

¶ 19 Finally, even if the Schwartzes were not entitled to relief as a matter of right, the trial court abused its discretion in denying the Schwartzes relief under the savings statute. Although a trial court is granted broad discretion in determining whether to grant relief under the savings statute, in making its decision, the court must analyze whether the plaintiff (1) acted reasonably and in good faith, (2) prosecuted the case diligently and vigorously, and (3) faces a procedural impediment affecting the ability to refile the action. *See Jepson,* 164 Ariz. at 274, 792 P.2d at 737. Further, the court must consider whether either party will be substantially prejudiced by its decision. *See id.* The appellate court will not disturb the exercise of the trial court's discretion if it is supported by any reasonable

---

5. Insufficiency of *service* of process—which is not at issue in this case and may result in a defendant not receiving actual notice of a pending lawsuit—differs from insufficiency of process, which involves defects in the papers themselves.

The policies underlying the distinction between abatement and insufficiency of process therefore do not necessarily apply to insufficiency of service issues.

evidence. *Peters v. M & O Constr. Inc.*, 119 Ariz. 34, 36, 579 P.2d 72, 74 (App.1978).

¶ 20 We have reviewed the record and find that every factor supports granting savings statute relief to the Schwartzes. The Schwartzes acted reasonably and in good faith, they diligently prosecuted the case, and they face the ultimate "procedural impediment" to refiling: Their case is time-barred. The Grass Defendants are not materially prejudiced if the Schwartzes are granted relief; but if relief is denied, the Schwartzes lose their day in court because of the mischance of serving the process on the Grass Defendants a few days after another Defendant removed the case to federal court.

¶ 21 In addition, several equities weigh against the Grass Defendants. Rule 26.1 of the Arizona Rules of Civil Procedure required the Grass Defendants to fully disclose the exact nature of the alleged insufficiency of process. This rule was intended to deter parties from practicing "litigation by ambush," such as occurred here. *Allstate Ins. Co. v. O'Toole*, 182 Ariz. 284, 287, 896 P.2d 254, 257 (1995). The Grass Defendants were directly asked, yet did not tell, the nature of the jurisdictional defense they were asserting. As their counsel admitted at oral argument, they made the tactical decision to not disclose the alleged defect in process until after the statute of limitations had run on the Schwartzes' cause of action. We disapprove of and discourage such hide-the-ball tactics. As officers of the court, attorneys are expected to promote the resolution of cases on their merits. *See id.* at 288, 896 P.2d at 258. Given all of these factors, we conclude that the trial court abused its discretion in denying the Schwartzes relief under the savings statute.

## CONCLUSION

¶ 22 For the foregoing reasons, we reverse the trial court's order denying the Schwartzes relief under the savings statute, and remand this matter for further proceedings consistent with this decision.

NOYES, P.J., and KLEINSCHMIDT, J., concur.