IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO



|  |  |  |
|---|---|---|
| RALPH E. ANDERSON | ) | |
| | ) | 2 CA-CV 2010-0098 |
| Plaintiff/Appellant, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| ARIZONA GAME AND FISH | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |

APPEAL FROM THE SUPERIOR COURT OF PINAL COUNTY

Cause No. S1100CV200902950

Honorable William J. O'Neil, Judge

REVERSED IN PART; AFFIRMED IN PART

Barton & Storts, P.C.
  By Brick P. Storts, III                                                                 Tucson
                                                          Attorney for Plaintiff/Appellant


Terry Goddard, Arizona Attorney General
  By Linda J. Pollock                                                                 Phoenix
                                                      Attorneys for Defendant/Appellee


B R A M M E R, Presiding Judge.

¶1 Ralph Anderson appeals from the superior court's order affirming the Arizona Game and Fish Commission's decision revoking his hunting, fishing and trapping licenses (referred to herein as licenses) and denying him the right to secure additional licenses for a period of ten years consecutive to a previously imposed revocation term. Anderson argues on appeal that the Commission lacked the statutory authority under A.R.S. § 17-340 to impose consecutive sanctions and lacked jurisdiction to revoke his previously revoked licenses. We reverse in part and affirm in part the superior court's order affirming the Commission's July 2008 decision. We remand the case to the superior court with directions to return it to the Commission for further proceedings.

## Factual and Procedural Background

¶2 The relevant facts are undisputed. In September 2007, Anderson was convicted of the unlawful taking of wildlife out of season. Pursuant to § 17-340, the Commission revoked his licenses and denied him the right to re-apply for additional licenses for a period of five years. In November 2007, Anderson was convicted of an unrelated second violation of game and fish laws—taking game in excess of the bag limit. As a result, in July 2008 the Commission ordered the following pursuant to § 17-340:

> NOW, THEREFORE, IT IS ORDERED that any and all licenses to HUNT, FISH, and TRAP in the State of Arizona issued to MR. RALPH E. ANDERSON be revoked and HE is denied the right to secure additional license(s) for a period of TEN (10) YEARS to run consecutively after his current revocation which expires on March 7, 2013.

¶3 After the Commission denied his request for rehearing, Anderson sought judicial review of the Commission's decision. The superior court affirmed the decision and returned the matter to the Commission for enforcement.[1] This appeal followed. We have jurisdiction over Anderson's appeal pursuant to A.R.S. § 12-913.

**Discussion**

¶4 Anderson first argues the superior court erred in finding the Commission had authority to impose consecutive sanctions for multiple violations of game and fish laws because such authority is not granted explicitly by § 17-340(B)(2). The superior court "shall affirm the agency action unless . . . [it] is not supported by substantial evidence, is contrary to law, is arbitrary and capricious or is an abuse of discretion." A.R.S. § 12-910(E); *see also Brodsky v. City of Phoenix Police Dep't. Ret. Sys. Bd.*, 183 Ariz. 92, 94-95, 900 P.2d 1228, 1230-31 (court decides only whether action "illegal, arbitrary, capricious, or an abuse of discretion"). And, we review a court's interpretation of statutes de novo. *Pima County v. Pima County Law Enforcement Merit Sys. Council*

---

[1]The superior court found: (1) the Commission's decision was neither arbitrary nor capricious, (2) the Commission could impose a consecutive sanction, and (3) there was no violation of the Rules of Judicial Conduct warranting a trial de novo. On appeal, Anderson argues only that the Commission lacked authority to impose consecutive sanctions and to revoke a previously revoked license. To the extent he challenges the remainder of the superior court's findings or the Commission's order, any such argument was not raised adequately and we do not address it. *See Polanco v. Indus. Comm'n*, 214 Ariz. 489, n.2, 154 P.3d 391, 393 n.2 (App. 2007) (appellant's failure to develop and support argument waives issue on appeal).

3

*(Harvey)*, 211 Ariz. 224 ¶ 13, 119 P.3d 1027, 1030 (2005); *LaWall v. Pima County Merit Sys. Comm'n*, 212 Ariz. 489, ¶ 4, 134 P.3d 394, 396 (App. 2006).

¶5        Section 17-340 provides, in relevant part:

> A. Upon conviction . . . and in addition to other penalties prescribed by this title, the commission, after a public hearing, may revoke or suspend a license issued to any person under this title and deny the person the right to secure another license to take or possess wildlife for a period of not to exceed five years for:
>
> 1. Unlawful taking, unlawful selling, unlawful offering for sale, unlawful bartering or unlawful possession of wildlife.
>
> . . . .
>
> B. On conviction or after adjudication as a delinquent juvenile and in addition to any penalties prescribed by this title:
>
> . . . .
>
> 2. For a second conviction or a second adjudication as a delinquent juvenile, for unlawfully taking or wounding wildlife at any time or place, the commission, after a public hearing, may revoke, suspend or deny a person's privilege to take wildlife for a period of up to ten years.

¶6        An administrative agency has only the authority granted by the legislature through its enabling legislation. *Harvey*, 211 Ariz. at ¶ 13, 119 P.3d at 1030; *LaWall*, 212 Ariz. at ¶ 6, 134 P.3d at 397. The superior court found the Commission had authority to impose consecutive sanctions because § 17-340(B) permits the Commission to revoke a person's privilege to take wildlife for a second violation "[i]n addition to any

4

other penalties prescribed by this title." We disagree that the Commission has such authority.

¶7        "The primary rule of statutory construction is to find and give effect to legislative intent." *Mail Boxes, Etc., U.S.A. v. Indus. Comm'n*, 181 Ariz. 119, 121, 888 P.2d 777, 779 (1995). We first look to the plain language of the statute as the best reflection of the legislature's intent. *See id.* And if that language is unambiguous, we give effect to it and do not employ other rules of statutory construction to determine the statute's meaning. *Janson ex rel. Janson v. Christensen*, 167 Ariz. 470, 471, 808 P.2d 1222, 1223 (1991). The phrase, "[i]n addition to any other penalties prescribed by this title," does not explicitly authorize consecutive sanctions. It instead may permit a person to be sanctioned under multiple sections of the title for one offense. For example, the Commission may revoke a person's license under § 17-340(A) and simultaneously suspend his privileges under § 17-340(B). Or a repeat offender may have his hunting privileges revoked under § 17-340(B) and also be found guilty of a class one misdemeanor under A.R.S. § 17-340(H) for taking wildlife while his privileges are revoked.

¶8        To the extent the statutory language is ambiguous, we may look to the legislative history in order to interpret the statute and determine the legislature's intent. *See Blake v. Schwartz*, 202 Ariz. 120, ¶ 29, 42 P.3d 6, 12 (App. 2002) ("'[U]ncertainty about the meaning or interpretation of [a] statute's terms requires the appellate court to apply methods of statutory interpretation that go beyond the statute's literal language,

5

[including consideration of] the statute's . . . historical background.'"), *quoting Estancia Dev. Assoc., L.L.C. v. City of Scottsdale*, 196 Ariz. 87, ¶ 11, 993 P.2d 1051, 1054 (App. 1999). Although neither party presented the superior court with the legislative history of § 17-340, we consider it in order to construe the statute. *See Evenstad v. State*, 178 Ariz. 578, 582, 875 P.2d 811, 815 (App. 1993) ("[W]hen we are considering the interpretation and application of statutes, we do not believe we can be limited to the arguments made by the parties if that would cause us to reach an incorrect result.").

¶9 The legislative history of § 17-340 shows a 2006 amendment of the bill, as initially introduced, would have granted the Commission explicit authority to "deny a person's privilege to take or possess wildlife for a period of not to exceed five years per violation, which may run consecutively." H.B. 2129, 47th Leg., 2d Reg. Sess. (Ariz. 2006) (introduced version). Subsequent amendments to the 2006 bill removed the Commission's power to impose consecutive sanctions, moved all references to "privileges" to subsection (B), and specified new maximum sanction periods for subsequent violations. H.B. 2129, 47th Leg., 2d Reg. Sess. (Ariz. 2006) (Senate engrossed version); Minutes of House Comm. on Approp., 47th Leg., 2d Reg. Sess. (Feb. 22, 2006) (amendment "[r]emoves the provision that penalties imposed by the Commission may run consecutively"). Because the statute's language does not grant the Commission the express power to impose consecutive sanctions, and further because the legislature considered and rejected granting that power, we hold § 17-340(B) does not

6

grant the Commission authority to impose consecutive sanctions on offenders for repeat offenses.[2]

¶10        To the extent Anderson contends the Commission does not have the power to impose sanctions under § 17-340(B)(2) until he has completed the term of his previous sanction, we disagree. The Commission may revoke or suspend a person's privilege to take wildlife "[o]n conviction," including "for a second conviction." § 17-340(B). The plain language of the statute grants the Commission authority to sanction persons convicted of violations of game and fish laws and does not exclude from the Commission's jurisdiction persons who previously have been convicted of a violation, but have not yet completed a prior revocation or suspension period.[3] *See Mail Boxes, Etc., U.S.A.*, 181 Ariz. 121, 888 P.2d at 779 (To determine legislative intent, "[w]e look first to the statute's words.").

¶11        Anderson also contends the Commission lacked jurisdiction to revoke his licenses under § 17-340(B) because they already had been revoked as a sanction for his

---

[2]Because the legislature expressly considered consecutive sanctions in drafting § 17-340, we need not address further Anderson's argument that criminal sentencing statutes demonstrate the legislature "knows how to make laws [about consecutive sanctions] explicit."

[3]We also disagree with Anderson's suggestion that his sanction should be limited to his initial five-year revocation because the Commission "knew" he had committed two violations at the time of his first hearing. The Commission specified that its first sanction was in response to the first violation only. Anderson offers no support for his argument that the Commission cannot address the violations separately. *See* Ariz. R. Civ. App. P. 13(a)(6) (argument shall contain "citations to the authorities, statutes and parts of the record relied on").

first conviction. Although the Commission may lack authority to revoke licenses under § 17-340(B) because that subsection only empowers the Commission to "revoke . . . a person's privilege to take wildlife," the Commission has the power under § 17-340(A) to "revoke or suspend a license" issued to a person who has been convicted of a covered offense. The Commission's June 2008 order provides that "any and all licenses . . . be revoked and [Anderson] is denied the right to secure additional license(s) for a period of TEN (10) YEARS." The order cites to § 17-340 generally, and the Commission may well have invoked subsection (A) to revoke Anderson's license and utilized subsection (B)(2) to deny him the right, or privilege, to obtain a new license for ten years. Apart from making the sanctions consecutive, which we already have rejected, imposing on Anderson the sanctions themselves is a valid exercise of the Commission's powers.

¶12 Anderson notes he had no valid licenses to be revoked. However, the order simply revoked "any and all" licenses issued to Anderson. Because Anderson then had no current licenses, however, the practical current effect of the Commission's order was to revoke no license, but it ultimately would have the effect of revoking his privilege to take wildlife for the remainder of the ten-year period once the previously imposed five-year license revocation sanction expired. Although the Commission's language in this regard may have been partially superfluous, it was not improper—the Commission had the authority pursuant to § 17-340(A) to revoke any licenses Anderson may have had.[4]

---

[4]Because we hold § 17-340 does not authorize the Commission to impose consecutive sanctions, we need not address Anderson's argument that such authority would constitute an unconstitutional delegation of legislative power.

**Disposition**

¶13      For the reasons stated, we reverse the portion of the superior court's order finding the Commission had authority to impose consecutive sanctions but affirm the remainder of the order. We remand the matter to the superior court with directions to return it to the Commission for further proceedings consistent with this opinion.

/s/ J. William Brammer, Jr.

J. WILLIAM BRAMMER, JR., Presiding Judge

CONCURRING:

/s/ Philip G. Espinosa

PHILIP G. ESPINOSA, Judge

/s/ Virginia C. Kelly

VIRGINIA C. KELLY, Judge